KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

WRITER'S DIRECT DIAL NUMBER
212-506-1955
JPiesco@kasowitz.com

ATLANTA
HOUSTON
NEWARK
SAN FRANCISCO

January 28, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/31/08

(p. 3)

**VIA HAND DELIVERY**
Honorable Lawrence M. McKenna
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

# MEMO ENDORSED

RECEIVED
IN CHAMBERS

JAN 2 8 2008

LAWRENCE M. McKENNA
USDJ     SDNY

Re:    PartMiner Information Serv., Inc. v. Avnet, Inc. et al.
       USDC SDNY 07-CV-11482 (LMM)

Dear Judge McKenna:

We represent the Defendants, Avnet, Inc., Thomas Casey Reed, John Kenneth Sharpe and Neil R. Vanek (collectively, "Defendants"), in the above-referenced litigation. We are in receipt of the Motion for Preliminary Injunction and for Expedited Discovery of the Plaintiff PartMiner Information Services, Inc. ("Plaintiff") that was filed with the Court on January 11, 2008 (the "Motion"). Plaintiff's Motion, which is supported by various Affidavits and exhibits, was not filed by way of an Order to Show Cause, and currently no return date has been set by the Court. According to Local Civil Rule 6.1(b), Defendants' opposition papers are due today, January 28, 2008. Defendants' Answer to Plaintiff's Complaint, which it filed on December 21, 2007, however, is not due until February 29, 2008.

We are writing to Your Honor to respectfully request (i) an extension of time in which to respond to Plaintiff's Motion and (ii) that a conference be held before Your Honor to discuss a discovery schedule and, following the conclusion of such discovery, an appropriate time for Defendants to file their opposition to Plaintiff's Motion. The salient background is as follows.

On September 17, 2007, Plaintiff filed a complaint in Colorado state court containing essentially the same facts and claims asserted here. It alleged, among other things, that since October 2005 Defendants have misappropriated Plaintiff's confidential information and trade secrets and have been making materially false and disparaging statements regarding Plaintiff's business in violation of Colorado state law (the "Colorado Action"). Although the alleged misconduct apparently was known to Plaintiff as early as May 2007, Plaintiff waited more than five months to institute any action against Defendants. No injunction issued in the Colorado Action. The case was dismissed by the court on November 2, 2007 based on the parties' prior written agreements which stipulated that the courts of New York would have jurisdiction over any disputes between or among the parties. Rather than proceed to file its action in New York as

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Honorable Lawrence M. McKenna
January 28, 2008
Page 2

required (and apparently recognizing the lack of any urgent need to seek immediate injunctive relief), on November 5, 2007 Plaintiff filed a Motion for Reconsideration of the order dismissing its claims in Colorado. Plaintiff's Motion for Reconsideration was denied on December 18, 2007.

On December 21, 2007, more than seven months after any of the allegations giving rise to Plaintiff's claims arose (and more than two years since the individual Defendants left Plaintiff's employ), Plaintiff filed its Complaint for Injunctive Relief and Damages in this Court. The claims and allegations in Plaintiff's Complaint essentially mirror those made by Plaintiff in the Colorado Action, with two material exceptions. First, in addition to alleging common law claims for defamation and business disparagement (now under New York law), Plaintiff purports to make a claim under the Lanham Act, 15 U.S.C. §1125 et seq., for false advertising. More critical, however, is the fact that in its Complaint and supporting Affidavits Plaintiff now concedes it is capable of, and actually has, calculated its purported monetary damages, thus admitting it cannot establish the necessary element of irreparable harm. See, e.g., Compl., Exh. E; Affidavit of Christopher Meyer, dated December 19, 2007, at ¶33. Thus, although Plaintiff argues in its Motion that it is entitled to preliminary injunctive relief, it is Defendants' position that Plaintiff's admission that it has been able to continue to calculate precisely its alleged damages effectively nullifies any possible entitlement to injunctive relief, let alone a need for expedited discovery.

Although it is Defendants' position that no urgency exists here to warrant expedited discovery, Defendants recognize that it is in the parties' interests to conduct discovery prior to responding to Plaintiff's Motion and any future preliminary injunction hearing. Therefore, following the filing of Plaintiff's Complaint, the parties entered into negotiations toward a stipulated discovery schedule that would permit the parties to engage in certain targeted discovery, including approximately 18 depositions and document production, on an expedited basis. In fact, in written correspondence (Plaintiff by way of its Motion) the parties have exchanged the various categories of documents they would seek during discovery. Although there remain some areas of significant disagreement among the parties regarding the areas of appropriate discovery, the parties have made progress toward a stipulated discovery schedule for joint submission to the Court.

In its Motion, Plaintiff seeks a 90-day discovery period, whereas Defendants have proposed a 120-day period, which in Defendants' view represents an aggressive discovery schedule given the amount of discovery to be completed in advance of any hearing. The proposed stipulation, as conceived by Defendants, also would set forth a period of time following the conclusion of expedited discovery for Defendants to file their opposition to Plaintiff's Motion (Defendants have proposed 30 days), as well as a period of time for Plaintiff to submit its reply. Although the parties are continuing to work in good faith to finalize a comprehensive schedule to present to the Court, to date the parties have been unable to reach complete agreement. Defendants believe that the parties will be able to work out an orderly discovery process that will allow them a fair opportunity to conduct all discovery necessary to present their respective

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Honorable Lawrence M. McKenna
January 28, 2008
Page 3

positions to the Court. It is Defendants' hope that, with the Court's assistance, they will be able to reach agreement on any outstanding issues that may exist among them.

Plaintiff has consented to a two day extension of time in which Defendants may submit a formal response to Plaintiff's Motion for Expedited Discovery. Since Plaintiff and Defendants' counsel agree that some period of discovery is required so the parties will have a full and fair opportunity to present their respective positions to the Court, and the parties have been working diligently toward a stipulated discovery order, Defendants do not believe a formal submission is necessary at this time. If, however, the Court would like Defendants to submit a formal opposition to Plaintiff's Motion for Expedited Discovery prior to any conference with Your Honor, Defendants will of course do so.

Based on the foregoing, Defendants respectfully request that the Court hold a scheduling conference at its earliest convenience to address the foregoing matters and, further, that the Court grant Defendants' request for an extension of time to file, if necessary, a formal opposition to Plaintiff's Motion inasmuch as it seeks expedited discovery.

We thank Your Honor in advance for your consideration of this matter.

Respectfully submitted,

Joseph A. Piesco, Jr.

cc:    Eric Falkenberry, Esq. (Via Hand Delivery)
       DLA Piper
       Counsel for Plaintiff

*[Handwritten note:] The parties may have until 5/15/08 to complete expedited discovery relating to plaintiff's motion for a preliminary injunction. Defendant will serve all papers in opposition to the motion by 6/10/08; plaintiff may have until 6/24/08 to reply. So ordered.*

*L.M.M. 1/31/08*