Eric J. Wallach (ewallach@kasowitz.com)
Brian S. Kaplan (bkaplan@kasowitz.com)
Joseph A. Piesco, Jr. (jpiesco@kasowitz.com)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

PARTMINER INFORMATION SERVICES,
INC.,

                               Plaintiff,

                        v.-

AVNET, INC., THOMAS CASEY REED, JOHN
KENNETH SHARPE, and NEIL R. VANEK,

                             Defendants.

-----------------------------------------------------------------------X

: No. 07-CV-11482
: (LMM/DCF)
:
: (ECF)
:
: **ANSWER &**
: **AFFIRMATIVE**
: **DEFENSES**

Defendants Avnet, Inc. ("Avnet"), Thomas Casey Reed ("Reed"), John Kenneth

Sharpe ("Sharpe") and Neil R. Vanek ("Vanek") (collectively, "Defendants"), by and

through their undersigned counsel, Kasowitz, Benson, Torres & Friedman LLP, hereby

answer and respond to Plaintiff PartMiner Information Services, Inc.'s ("Plaintiff")

Complaint for Injunctive Relief and Damages (the "Complaint"), as follows:

       1.      Defendants admit that Reed, Sharpe and Vanek are former employees of

Plaintiff who left and now work for Defendant Avnet.  Defendants admit that Plaintiff

purports to bring an action against Defendants for alleged misappropriation of trade

secrets and confidential information, and for alleged business disparagement through

purportedly false advertising and promotion. However, Defendants deny that any of the claims and allegations in Plaintiff's Complaint have any merit and, further, deny that Plaintiff is entitled to any relief, monetary, equitable or otherwise, under any federal statute, law or regulation. Defendants deny each and every remaining allegation contained in paragraph 1 of the Complaint.

2.      Defendants deny each and every allegation contained in paragraph 2 of the Complaint, except admit that Plaintiff previously filed a complaint against Defendant Reed in New York on December 13, 2005 and that such action was finally and conclusively resolved by way of a mutual, confidential Settlement Agreement, Undertaking and Release dated January 31, 2006 (the "Settlement Agreement"), which agreement speaks for itself.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and those allegations are, therefore, denied.

4.      Defendants admit the allegations contained in paragraph 4 of the Complaint. By way of further response, Defendant Avnet states that its principal place of business is located in Phoenix, Arizona.

5.      Defendants deny each and every allegation contained in paragraph 5 of the Complaint, except admit that Reed previously worked for Plaintiff and at the time of his departure held the title of Vice President, CAPS Sales and Service.

6.      Defendants deny each and every allegation contained in paragraph 6 of the Complaint, except admit that Sharpe previously worked for Plaintiff and at the time of his departure held the title of Senior Account Manager, CAPS Sales and Service.

7.      Defendants deny each and every allegation contained in paragraph 7 of the Complaint, except admit that Vanek previously worked for Plaintiff and at the time of his departure held the title of Account Manager, CAPS Sales and Service.

## JURISDICTION AND VENUE

8.      The allegations contained in paragraph 8 of the Complaint contain legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph 8 of the Complaint.

9.      The allegations contained in paragraph 9 of the Complaint contain legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph 9 of the Complaint.

10.      The allegations contained in paragraph 10 of the Complaint contain legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph 10 of the Complaint.

11.      The allegations contained in paragraph 11 of the Complaint contain legal conclusions to which no responsive pleading is required.  Defendants further state that the allegations contained in paragraph 11 of the Complaint purport to characterize writings that speak for themselves, and as such no responsive pleading is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph 11 of the Complaint.

12.      The allegations contained in paragraph 12 of the Complaint contain legal

conclusions to which no responsive pleading is required. Furthermore, the allegations contained in paragraph 12 of the Complaint purport to characterize writings that speak for themselves, and as such no responsive pleading is required. To the extent a response is required, Defendants deny each and every allegation contained in paragraph 12 of the Complaint.

## FACTUAL ALLEGATIONS

13.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore those allegations are denied.

14.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore those allegations are denied.

15.    Except to admit that Plaintiff offers various online, subscription-based services to businesses relating to electronic parts, and that it refers to its electronic parts database as the "CAPS Database," Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore those allegations are denied.

16.    Except to admit that Plaintiff refers to its electronic parts database as the "CAPS Database," Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore those allegations are denied.

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and therefore

those allegations are denied.

18.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore those allegations are denied.

19.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore those allegations are denied.

20.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and therefore those allegations are denied.

21.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore those allegations are denied.

22.    Defendants deny each and every allegation contained in paragraph 22 of the Complaint.

23.    Defendants deny each and every allegation contained in paragraph 23 of the Complaint.

24.    Defendants deny each and every allegation contained in paragraph 24 of the Complaint.

25.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and therefore those allegations are denied.

26.    Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 26 of the Complaint, and therefore those allegations are denied.

      27.     Defendants deny each and every allegation contained in paragraph 27 of the Complaint.

      28.     Defendants deny each and every allegation contained in paragraph 28 of the Complaint.

      29.     Defendants deny each and every allegation contained in paragraph 29 of the Complaint.

      30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and therefore those allegations are denied.

      31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and therefore those allegations are denied.

      32.     Defendants deny each and every allegation contained in paragraph 32 of the Complaint.

      33.     Defendants deny each and every allegation contained in paragraph 33 of the Complaint.

      34.     Except to admit that Defendants Reed, Vanek and Sharpe executed certain confidentiality agreements during the course of their employment with Plaintiff, which agreements speak for themselves, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Complaint, and therefore those allegations are denied.

35.     Except to admit that Defendant Reed worked for Plaintiff from 1999 through 2005 and, at the time of his departure held the title of Vice President, CAPS Sales and Service, Defendants deny each and every allegation contained in paragraph 35 of the Complaint.

36.     Except to admit that during the course of his employment with Plaintiff Defendant Reed had access to the CAPS Database, Defendants deny each and every allegation contained in paragraph 36 of the Complaint.

37.     Except to admit that during the course of his employment with Plaintiff Defendant Reed had access to certain of Plaintiff's customer information, Defendants deny each and every allegation contained in paragraph 37 of the Complaint.

38.     Except to admit that during the course of his employment with Plaintiff Defendant Reed had access to certain sales reports regarding Plaintiff's customers, Defendants deny each and every allegation contained in paragraph 38 of the Complaint.

39.     Except to admit that Defendant Sharpe worked for Plaintiff from 2002 through 2005, and at the time of his departure held the title of Senior Account Manager, CAPS Sales and Service, Defendants deny each and every allegation contained in paragraph 39 of the Complaint.

40.     Except to admit that during the course of his employment with Plaintiff Defendant Sharpe provided sales-related services with respect to current and prospective customers of Plaintiff, Defendants deny each and every allegation contained in paragraph 40 of the Complaint.

41.     Except to admit that during the course of his employment with Plaintiff Defendant Sharpe had access to certain of Plaintiff's customer information, Defendants

deny each and every allegation contained in paragraph 41 of the Complaint.

      42.    Except to admit that during the course of his employment with Plaintiff Defendant Sharpe reported to Defendant Reed for a certain period of time, Defendants deny each and every allegation contained in paragraph 42 of the Complaint.

      43.    Except to admit that Defendant Vanek worked for Plaintiff from 2004 through 2005, and at the time of his departure held the title of Account Manager, CAPS Sales and Service, Defendants deny each and every allegation contained in paragraph 43 of the Complaint.

      44.    Except to admit that during the course of his employment with Plaintiff Defendant Vanek provided sales-related services with respect to current and prospective customers of Plaintiff, Defendants deny each and every allegation contained in paragraph 44 of the Complaint.

      45.    Except to admit that during the course of his employment with Plaintiff Defendant Vanek had access to certain of Plaintiff's customer information, Defendants deny each and every allegation contained in paragraph 45 of the Complaint.

      46.    Except to admit that during the course of his employment with Plaintiff Defendant Vanek reported to Defendant Reed for a certain period of time, Defendants deny each and every allegation contained in paragraph 46 of the Complaint.

      47.    Except to admit that Plaintiff maintains certain computer-based databases, Defendants deny each and every allegation contained in paragraph 47 of the Complaint.

      48.    The allegations contained in paragraph 48 of the Complaint refer to writings that speak for themselves and therefore no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph

48 of the Complaint.

49.     Except to admit that Defendants Reed, Vanek and Sharpe executed certain confidentiality agreements with Plaintiff during the course of their employment with Plaintiff, which agreements speak for themselves, Defendants deny each and every allegation contained in paragraph 49 of the Complaint.

50.     Except to admit that Defendant Reed executed the confidentiality agreement attached as Exhibit A to the Complaint during the course of his employment with Plaintiff, which agreement speaks for itself, the allegations contained in paragraph 50 of the Complaint are denied.

51.     Except to admit that Defendant Sharpe executed the confidentiality agreement attached as Exhibit B to the Complaint during the course of his employment with Plaintiff, which agreement speaks for itself, the allegations contained in paragraph 51 of the Complaint are denied.

52.     Except to admit that Defendant Vanek executed the confidentiality agreement attached as Exhibit C to the Complaint during the course of his employment with Plaintiff, which agreement speaks for itself, the allegations contained in paragraph 52 of the Complaint are denied.

53.     The allegations contained in paragraph 53 of the Complaint purport to characterize writings that speak for themselves, and as such no responsive pleading is required.

54.     The allegations contained in paragraph 54 of the Complaint purport to characterize writings that speak for themselves, and as such no responsive pleading is required.

55.    The allegations contained in paragraph 55 of the Complaint purport to characterize writings that speak for themselves, and as such no responsive pleading is required.

56.    The allegations contained in paragraph 56 of the Complaint purport to characterize writings that speak for themselves, and as such no responsive pleading is required.

57.    The allegations contained in paragraph 57 of the Complaint purport to characterize writings that speak for themselves, and as such no responsive pleading is required.

58.    The allegations contained in paragraph 58 of the Complaint purport to characterize writings that speak for themselves, and as such no responsive pleading is required.

59.    The allegations contained in paragraph 59 of the Complaint purport to characterize writings that speak for themselves, and as such no responsive pleading is required.

60.    Except to admit that Avnet's Prómiere division sells online subscriptions to an electronic parts database, Defendants deny each and every allegation contained in paragraph 60 of the Complaint.

61.    Except to admit that Avnet's Prómiere division maintains an office located in Englewood, Colorado, Defendants deny each and every allegation contained in paragraph 61 of the Complaint.

62.    Defendants admit the allegations contained in paragraph 62 of the Complaint.

63.     Except to admit that Defendant Reed received certain customer-related information in connection with his normal duties and responsibilities during the course of his employment, Defendants deny each and every allegation contained in paragraph 63 of the Complaint.  Defendants further deny the implication that Defendant Reed obtained by inappropriate means or otherwise wrongfully used any information relating to Plaintiff's customers or prospective customers for purposes of engaging in any wrongful acts.

64.     Defendants deny each and every allegation contained in paragraph 64 of the Complaint.

65.     Except to admit that following his resignation from Plaintiff Defendant Reed became employed by Defendant Avnet, Defendants deny each and every allegation contained in paragraph 65 of the Complaint.

66.     Defendants deny each and every allegation contained in paragraph 66 of the Complaint.

67.     Defendants deny each and every allegation contained in paragraph 67 of the Complaint.

68.     Defendants admit the allegations contained in paragraph 68 of the Complaint.

69.     Except to admit that Defendant Sharpe received certain customer-related information in connection with his normal duties and responsibilities during the course of his employment, Defendants deny each and every allegation contained in paragraph 69 of the Complaint.  Defendants further deny the implication that Defendant Sharpe obtained by inappropriate means or otherwise wrongfully used any information relating to Plaintiff's customers or prospective customers for purposes of engaging in any wrongful

acts.

70.    Except to admit that prior to his departure Sharpe sent certain emails from his work e-mail account to a personal e-mail account, Defendants deny each and every allegation contained in paragraph 70 of the Complaint.

71.    Except to admit that following his resignation from Plaintiff Defendant Sharpe became employed by Defendant Avnet, Defendants deny each and every allegation contained in paragraph 71 of the Complaint.

72.    Defendants deny each and every allegation contained in paragraph 72 of the Complaint.

73.    Defendants deny each and every allegation contained in paragraph 73 of the Complaint.

74.    Defendants admit the allegations contained in paragraph 74 of the Complaint.

75.    Except to admit that prior to his departure Vanek sent certain emails from his work e-mail account to a personal e-mail account, Defendants deny each and every allegation contained in paragraph 75 of the Complaint.

76.    Defendants deny each and every allegation contained in paragraph 76 of the Complaint.

77.    Except to admit that following his resignation from Plaintiff Defendant Vanek began employment with Defendant Avnet, Defendants deny each and every allegation contained in paragraph 77 of the Complaint.

78.    Defendants deny each and every allegation contained in paragraph 78 of the Complaint.

79.     Except to admit that Defendant Avnet was aware that Defendants Reed, Sharpe and Vanek had executed certain confidentiality agreements with Plaintiff, Defendants deny each and every allegation contained in paragraph 79 of the Complaint.

80.     Defendants deny each and every allegation contained in paragraph 80 of the Complaint.

81.     Defendants deny each and every allegation contained in paragraph 81 of the Complaint.

82.     Defendants deny each and every allegation contained in paragraph 82 of the Complaint.

83.     Defendants deny each and every allegation contained in paragraph 83 of the Complaint.

84.     Defendants deny each and every allegation contained in paragraph 84 of the Complaint.

85.     Defendants admit only that Plaintiff commenced Civil Action No. 05-CV-10486 (WHP) against Defendant Reed in the United States District Court for the Southern District of New York on December 13, 2005, alleging breach of contract and claims for injunctive relief.  Defendants, however, deny that any of the claims and allegations contained in said action had any merit and, further, deny that Plaintiff was entitled to any relief, legal, monetary, equitable or otherwise, with respect to any of the claims raised in that action.

86.     Defendants admit only that the action filed by Plaintiff against Defendant Reed on December 13, 2005 was resolved by way of the Settlement Agreement attached as Exhibit D to the Complaint on January 31, 2006.  By way of further response,

Defendants state that the Settlement Agreement referred to in paragraph 86 of the Complaint speaks for itself, and as such no further responsive pleading is required.

87.     The allegations contained in paragraph 87 of the Complaint purport to characterize a writing that speaks for itself, and as such no responsive pleading is required.

88.     The allegations contained in paragraph 88 of the Complaint purport to characterize a writing that speaks for itself, and as such no responsive pleading is required.

89.     The allegations contained in paragraph 89 of the Complaint purport to characterize a writing that speaks for itself, and as such no responsive pleading is required.

90.     The allegations contained in paragraph 90 of the Complaint purport to characterize a writing that speaks for itself, and as such no responsive pleading is required.

91.     The allegations contained in paragraph 91 of the Complaint purport to characterize a writing that speaks for itself, and as such no responsive pleading is required.

92.     The allegations contained in paragraph 92 of the Complaint purport to characterize a writing that speaks for itself, and as such no responsive pleading is required.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint, and therefore those allegations are denied.

94.    The allegations contained in paragraph 94 of the Complaint purport to characterize a writing that speaks for itself, and as such no responsive pleading is required.

95.    Defendants deny each and every allegation contained in paragraph 95 of the Complaint.

96.    Defendants deny each and every allegation contained in paragraph 96 of the Complaint.

97.    Defendants deny each and every allegation contained in paragraph 97 of the Complaint.

98.    Defendants deny each and every allegation contained in paragraph 98 of the Complaint.

99.    Defendants deny each and every allegation contained in paragraph 99 of the Complaint.

100.    Defendants deny each and every allegation contained in paragraph 100 of the Complaint.

101.    Defendants deny each and every allegation contained in paragraph 101 of the Complaint.

102.    Defendants deny each and every allegation contained in paragraph 102 of the Complaint.

103.    Defendants deny each and every allegation contained in paragraph 103 of the Complaint, including subparts (a) through (f).

104.    Defendants deny each and every allegation contained in paragraph 104 of the Complaint.

105.  Defendants deny each and every allegation contained in paragraph 105 of the Complaint.

106.  Defendants deny each and every allegation contained in paragraph 106 of the Complaint.

107.  Defendants deny each and every allegation contained in paragraph 107 of the Complaint.

108.  Defendants deny each and every allegation contained in paragraph 108 of the Complaint.

109.  Defendants deny each and every allegation contained in paragraph 109 of the Complaint.

110.  Defendants deny each and every allegation contained in paragraph 110 of the Complaint.

111.  Defendants deny each and every allegation contained in paragraph 111 of the Complaint.

112.  Defendants deny each and every allegation contained in paragraph 112 of the Complaint.

### First Cause of Action
### Breach of Contract (Confidentiality Agreements)

113.  Defendants repeat and reallege each and every response and denial contained in paragraphs 1-112 as if fully set forth herein.

114.  The allegations contained in paragraph 114 of the Complaint purport to characterize a writing that speaks for itself, and as such no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 114 of the Complaint.

115. The allegations contained in paragraph 115 of the Complaint purport to characterize a writing that speaks for itself, and as such no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 115 of the Complaint.

116. The allegations contained in paragraph 116 of the Complaint purport to characterize a writing that speaks for itself, and as such no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 116 of the Complaint.

117. The allegations contained in paragraph 117 of the Complaint purport to characterize writings that speak for themselves, and as such no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 117 of the Complaint.

118. Defendants deny each and every allegation contained in paragraph 118 of the Complaint.

119. Defendants deny each and every allegation contained in paragraph 119 of the Complaint.

120. Defendants deny each and every allegation contained in paragraph 120 of the Complaint.

121. Defendants deny each and every allegation contained in paragraph 121 of the Complaint.

**Second Cause of Action**
**Tortious Interference with Contractual Relations**

122. Defendants repeat and reallege each and every response and denial contained in paragraphs 1-121 as if fully set forth herein.

123.    Except to admit that Defendants Reed, Sharpe and Vanek each executed certain confidentiality agreements with Plaintiff, which agreements speak for themselves, Defendants deny each and every allegation contained in paragraph 123 of the Complaint.

124.    The allegations contained in paragraph 124 of the Complaint purport to characterize writings that speak for themselves, and as such no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 124 of the Complaint.

125.    Except to admit that Defendant Avnet was aware that Defendants Reed, Sharpe and Vanek had executed certain confidentiality agreements with Plaintiff, Defendants deny each and every allegation contained in paragraph 125 of the Complaint.

126.    Defendants deny each and every allegation contained in paragraph 126 of the Complaint.

127.    Defendants deny each and every allegation contained in paragraph 127 of the Complaint.

128.    Defendants deny each and every allegation contained in paragraph 128 of the Complaint.

129.    Defendants deny each and every allegation contained in paragraph 129 of the Complaint.

130.    Defendants deny each and every allegation contained in paragraph 130 of the Complaint.

131.    Defendants deny each and every allegation contained in paragraph 131 of the Complaint.

132.    Defendants deny each and every allegation contained in paragraph 132 of

the Complaint.

133.    Defendants deny each and every allegation contained in paragraph 133 of the Complaint.

134.    Defendants deny each and every allegation contained in paragraph 134 of the Complaint.

## Third Cause of Action
## <u>Fraud in the Inducement (Settlement Agreement)</u>

135.    Defendants repeat and reallege each and every response and denial contained in paragraphs 1-134 as if fully set forth herein.

136.    Defendants deny each and every allegation contained in paragraph 136 of the Complaint.

137.    Defendants deny each and every allegation contained in paragraph 137 of the Complaint.

138.    Defendants deny each and every allegation contained in paragraph 138 of the Complaint.

139.    Defendants deny each and every allegation contained in paragraph 139 of the Complaint.

140.    Defendants deny each and every allegation contained in paragraph 140 of the Complaint.

141.    Defendants deny each and every allegation contained in paragraph 141 of the Complaint.

**Fourth Cause of Action**
**Breach of Contract (Settlement Agreement)**

142.    Defendants repeat and reallege each and every response and denial contained in paragraphs 1-141 as if fully set forth herein.

143.    The allegations contained in paragraph 143 of the Complaint purport to characterize a writing that speaks for itself, and as such no responsive pleading is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph 143 of the Complaint.

144.    The allegations contained in paragraph 144 of the Complaint purport to characterize a writing that speaks for itself, and as such no responsive pleading is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph 144 of the Complaint.

145.    Defendants deny each and every allegation contained in paragraph 145 of the Complaint.  By way of further response, Defendant Avnet states that Plaintiff failed to comply with the contractual prerequisites set forth in Paragraph 10 of the Settlement Agreement.

146.    Defendants deny each and every allegation contained in paragraph 146 of the Complaint.  By way of further response, Defendant Avnet states that Plaintiff failed to comply with the contractual prerequisites set forth in Paragraph 10 of the Settlement Agreement.

147.    Defendants deny each and every allegation contained in paragraph 147 of the Complaint.

148.    Defendants deny each and every allegation contained in paragraph 148 of the Complaint.

**Fifth Cause of Action**
**Misappropriation of Trade Secrets**

149.    Defendants repeat and reallege each and every response and denial contained in paragraphs 1-148 as if fully set forth herein.

150.    Defendants deny each and every allegation contained in paragraph 150 of the Complaint.

151.    Defendants deny each and every allegation contained in paragraph 151 of the Complaint.

152.    Defendants deny each and every allegation contained in paragraph 152 of the Complaint.

153.    Defendants deny each and every allegation contained in paragraph 153 of the Complaint.

154.    The allegations contained in paragraph 154 of the Complaint contain legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph 154 of the Complaint.

155.    Defendants deny each and every allegation contained in paragraph 155 of the Complaint.

156.    Defendants deny each and every allegation contained in paragraph 156 of the Complaint.

157.    Defendants deny each and every allegation contained in paragraph 157 of the Complaint.

158.    Defendants deny each and every allegation contained in paragraph 158 of the Complaint.

159.    Defendants deny each and every allegation contained in paragraph 159 of the Complaint.

160.    Defendants deny each and every allegation contained in paragraph 160 of the Complaint.

161.    Defendants deny each and every allegation contained in paragraph 161 of the Complaint.

### Sixth Cause of Action
### Violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(A))

162.    Defendants repeat and reallege each and every response and denial contained in paragraphs 1-161 as if fully set forth herein.

163.    Defendants deny each and every allegation contained in paragraph 163 of the Complaint.

164.    Defendants deny each and every allegation contained in paragraph 164 of the Complaint, including subparts (a) through (f).

165.    Defendants deny each and every allegation contained in paragraph 165 of the Complaint.

166.    Defendants deny each and every allegation contained in paragraph 166 of the Complaint.

167.    Defendants deny each and every allegation contained in paragraph 167 of the Complaint.

168.    Defendants deny each and every allegation contained in paragraph 168 of the Complaint.

169.    Defendants deny each and every allegation contained in paragraph 169 of the Complaint.

170.    Defendants deny each and every allegation contained in paragraph 170 of the Complaint.

**Seventh Cause of Action**
**<u>Defamation</u>**

171.    Defendants repeat and reallege each and every response and denial contained in paragraphs 1-170 as if fully set forth herein.

172.    Defendants deny each and every allegation contained in paragraph 172 of the Complaint, including subparts (a) through (f).

173.    Defendants deny each and every allegation contained in paragraph 173 of the Complaint.

174.    Defendants deny each and every allegation contained in paragraph 174 of the Complaint.

175.    Defendants deny each and every allegation contained in paragraph 175 of the Complaint.

176.    Defendants deny each and every allegation contained in paragraph 176 of the Complaint.

177.    Defendants deny each and every allegation contained in paragraph 177 of the Complaint.

178.    Defendants deny each and every allegation contained in paragraph 178 of the Complaint.

179.    Defendants deny each and every allegation contained in paragraph 179 of the Complaint.

180.    Defendants deny each and every allegation contained in paragraph 180 of the Complaint.

**Eighth Cause of Action**
**Business/Product Disparagement**

181.    Defendants repeat and reallege each and every response and denial contained in paragraphs 1-180 as if fully set forth herein.

182.    Defendants deny each and every allegation contained in paragraph 182 of the Complaint, including subparts (a) through (f).

183.    Defendants deny each and every allegation contained in paragraph 183 of the Complaint.

184.    Defendants deny each and every allegation contained in paragraph 184 of the Complaint.

185.    Defendants deny each and every allegation contained in paragraph 185 of the Complaint.

186.    Defendants deny each and every allegation contained in paragraph 186 of the Complaint.

187.    Defendants deny each and every allegation contained in paragraph 187 of the Complaint.

188.    Defendants deny each and every allegation contained in paragraph 188 of the Complaint.

**Ninth Cause of Action**
**Tortious Interference with Prospective Business Advantage**

189.    Defendants repeat and reallege each and every response and denial contained in paragraphs 1-188 as if fully set forth herein.

190.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 190 of the Complaint, and therefore those allegations are denied.

191.    Defendants deny each and every allegation contained in paragraph 191 of the Complaint.

192.    Defendants deny each and every allegation contained in paragraph 192 of the Complaint.

193.    Defendants deny each and every allegation contained in paragraph 193 of the Complaint.

194.    Defendants deny each and every allegation contained in paragraph 194 of the Complaint.

195.    Defendants deny each and every allegation contained in paragraph 195 of the Complaint.

196.    Defendants deny each and every allegation contained in paragraph 196 of the Complaint.

197.    Defendants deny each and every allegation contained in paragraph 197 of the Complaint.

198.    Defendants deny each and every allegation contained in paragraph 198 of the Complaint.

**Tenth Cause of Action**
**<u>Unfair Competition</u>**

199.    Defendants repeat and reallege each and every response and denial contained in paragraphs 1-198 as if fully set forth herein.

200.    Defendants deny each and every allegation contained in paragraph 200 of the Complaint.

201.    Defendants deny each and every allegation contained in paragraph 201 of the Complaint.

202.    Defendants deny each and every allegation contained in paragraph 202 of the Complaint.

203.    Defendants deny each and every allegation contained in paragraph 203 of the Complaint.

204.    Defendants deny each and every allegation contained in paragraph 204 of the Complaint.

205.    Defendants deny the allegations contained in the various titles and subtitles contained in the Complaint.

206.    To the extent that any allegation in the Complaint has not been previously responded to above, Defendants hereby deny each and every such allegation.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to damages of any kind, whether equitable or monetary, including the relief sought in subparts (a) through (h).

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

207.    The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

208.    The Complaint, and each purported Count alleged against Defendants, violates public policy by attempting to impose an impermissible restraint on trade and fair competition.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

209.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean

hands and/or *in pari delicto.*

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

210.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

211.    If Plaintiff has suffered any damages by reason of the activities alleged in the Complaint, which damages are denied, Plaintiff has failed to take action or has taken insufficient action to mitigate those damages. Consequently, any damages allegedly suffered by Plaintiff must be reduced in an amount by which Plaintiff could have mitigated those damages, if any.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

212.    The damages Plaintiff complains of were not caused by Defendants' conduct or action and/or are not cognizable as a matter of law. To the extent Plaintiff has suffered any damages, which damages are denied, any such damages are the result of Plaintiff's own conduct and actions.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

213.    Plaintiff's tortious interference claims must be dismissed because any contact between Defendants and any individuals or entities with whom Plaintiff allegedly had a current or prospective business or contractual relationship was justified and/or privileged by Defendants' right to engage in fair competition.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

214.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of frauds and statutes of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

215.    Plaintiff's Complaint fails to plead with specificity and the requisite particularity facts necessary to sustain a claim under the Lanham Act for business/product disparagement, fraud and/or defamation.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

216.    Plaintiff is not entitled to injunctive or equitable relief because, among other reasons, it has an adequate remedy at law and no basis exists for the grant of injunctive or equitable relief.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

217.    Plaintiff is barred from recovering punitive damages under applicable law, statute and/or Constitution.  Specifically:

A.    Defendants require Plaintiff to prove its claims for punitive damages by a minimum standard of clear and convincing evidence, as required by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Defendants further require Plaintiff to prove its claims for punitive damages beyond a reasonable doubt, as required by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

B.    Defendants deny liability for punitive damages to the extent that such damages are awarded to compensate Plaintiff for elements of damage not otherwise recognized by law, as such an award violates the separation of powers doctrine and the Fourteenth Amendment to the United States Constitution.

C.    Defendants deny liability for any award of punitive damages because under the current rule governing discovery and trial practices, current evidentiary

rules, and current vague substantive standards, such an award would violate Defendants' rights under Article I, sections 8, 9 and 10 of the United States Constitution, and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

221.    Plaintiff's claims under the Lanham Act and for defamation and business/product disparagement are barred, in whole or in part, because the alleged defamatory or disparaging statements, which statements Defendants deny having been made, are true and/or substantially true.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

222.    Plaintiff's claims under the Lanham Act and for defamation and business/product disparagement are barred, in whole or in part, because the alleged defamatory or disparaging statements, which statements Defendants deny having been made, are protected by a qualified privilege.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

223.    Plaintiff's claims for breach of the Settlement Agreement must be dismissed because Plaintiff failed to comply with the contractual prerequisites set forth in Paragraph 10 of the Settlement Agreement.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

224.    Plaintiff's purported claims are barred, in whole or in part, because Defendants at all times acted in good faith.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

225.    Plaintiff's purported claims for damages are barred and/or reduced, in

whole or in part, as a result of after-acquired evidence of Plaintiff's misconduct.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

226.     Any damages Plaintiff has suffered are the result of its own actions or misconduct and are not attributable to Defendants.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

227.     Plaintiff's purported claims are barred, in whole or in part, because the contracts and/or the provisions of the contracts on which it relies are unenforceable.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

228.     Defendants intend to rely upon any other defense that may become available during the proceedings in this case, and hereby reserve their right to amend their Answer to assert any such defense(s).  Defendants also reserve their right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than the State of New York.

**WHEREFORE,** Defendants respectfully request that the Court:

A.     Dismiss the Complaint in its entirety with prejudice;

B.     Deny each and every demand and prayer for relief contained in the Complaint;

C.     Award Defendants their costs and reasonable attorneys' fees; and

D.     Award Defendants such other and further relief as the Court deems just and proper.

DATED:     New York, New York
           February 28, 2008

                              KASOWITZ, BENSON, TORRES &
                              FRIEDMAN LLP

                              By:_____
                                 Eric J. Wallach
                                 Brian S. Kaplan
                                 Joseph A. Piesco, Jr.
                                 1633 Broadway
                                 New York, New York  10019
                                 (212) 506-1700

                                 *Attorneys for Defendants*

## CERTIFICATION OF SERVICE

I, Lauren C. Fishkoff, Esq., of full age, hereby certify that on February 28, 2008, I served by Federal Express a true and correct copy of Defendants' Answer and Affirmative Defenses upon the undersigned counsel for Plaintiff:

> Eric M. Falkenberry
> DLA Piper US LLP
> 1251 Avenue of the Americas
> New York, New York  10020

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

Lauren C. Fishkoff

Dated: February 28, 2008