UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

PARTMINER INFORMATION SERVICES, INC.,

　　　　Plaintiff,

　　-vs-

AVNET, INC., THOMAS CASEY REED, JOHN
KENNETH SHARPE, and NEIL R. VANEK,

　　　　Defendants.

------------------------------------x

07 Civ. 11482 (LMM/DCF)

(ECF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/08

## STIPULATION OF CONFIDENTIALITY & PROTECTIVE ORDER

**WHEREAS**, the nature of this case may require the Plaintiff, PartMiner Information Services, Inc. ("PartMiner" or "Plaintiff"), and the Defendants, Avnet, Inc., Thomas Casey Reed, John Kenneth Sharpe, and Neil R. Vanek (collectively, "Defendants") (PartMiner and Defendants, collectively referred to herein as the "Parties"), to seek, Produce and/or disclose materials, Documents and other information, and elicit testimony, which may concern, refer to or otherwise reflect confidential and proprietary business information and/or information that may be protectable as a trade secret; and

**WHEREAS**, this Stipulation of Confidentiality and Protective Order (hereinafter, the "Order") provides reasonable restrictions on the use and disclosure of materials of a confidential nature; and

**WHEREAS**, to streamline the discovery process and minimize the need for Court intervention, this Order allows the Parties to designate certain materials being Produced or testimony elicited as confidential, and to disclose such information only to certain classes of individuals identified herein; and

**WHEREAS**, this Order provides for filing confidential Documents with the Court under seal, if such Documents need to be filed in connection with any motion practice or be disclosed during other proceedings in this Action; and

**WHEREAS**, this Order also provides procedures whereby any Party may challenge another Party's designation of Documents, information and/or testimony as confidential, thereby

NEWYN82l3208.2



minimizing the likelihood that non-sensitive Documents will be unnecessarily designated as confidential; and

**WHEREAS**, the Court is satisfied based on the representation of the Parties and the agreements reached herein by, among and between them that good cause exists for the entry of this Order.

**NOW, THEREFORE**, based on the premises and mutual covenants contained herein, the Parties hereby **STIPULATE AND AGREE AS FOLLOWS**:

1. **PROCEEDINGS AND FORM OF INFORMATION GOVERNED**

    This Order governs any Document, information, testimony or other thing that is designated as containing "Confidential Information", as defined herein, and is furnished by any Party or Person to any Party in connection with this Action. The form of information protected includes, but is not limited to, Documents and things, responses to requests to Produce or inspect Documents or things, responses to interrogatories, responses to requests for admissions, deposition and trial testimony and exhibits, pleadings and motions filed with the Court, and all copies, excerpts, summaries, compilations, designations and portions thereof. This Order encompasses not only those items or things which are expressly designated as Confidential Information, but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

2. **DEFINITIONS**

    a. The term "this Action" means the civil action captioned *PartMiner Information Services, Inc. v. Avnet et al.*, No. Civ. 07-11482 (LMM)(DCF) or any related proceedings.

    b. The term "Confidential Information" includes information, data, Documents, materials and testimony, including any information, data, Documents or materials a Party or Person alleges in good faith constitute, contain, refer to or otherwise reflect trade secret and/or confidential and proprietary business information to which such Party or Person claims ownership, that (i) has not been disclosed to the public and (ii) the Designating Party or Designating Person in good faith believes the public disclosure of would pose a reasonable risk of competitive or other harm.

    c. "Producing Party" shall mean any Party who Produces information, data, Documents, or materials to another Party or provides testimony in connection with this Action.



d. "Producing Person" shall mean any Person not a Party to this Action who Produces information, data, Documents, or materials to another Party or provides testimony in connection with this Action, whether by legal process or otherwise.

e. "Non-Producing Party" and "Non-Designating Party" shall mean any Party (and his or its Outside Counsel) who receives Confidential Information supplied by a Producing Party or Producing Person.

f. "Non-Producing Person" and "Non-Designating Person" shall mean any Person not a Party to this Action (and his, her or its Outside Counsel) who receives Confidential Information supplied by a Producing Party or Producing Person.

g. "Designating Party" shall mean any Party who designates information, data, Documents, or materials Produced or testimony provided in this Action as Confidential Information pursuant to this Order.

h. "Designating Person" shall mean any Person not a Party to this Action who designates information, data, Documents, or materials Produced or testimony provided in this Action as Confidential Information pursuant to this Order.

i. "Outside Counsel" shall mean the law firms engaged by the Parties, or other Persons, to represent them in this Action or in any other proceedings arising out of or relating to this Action, and any individual employed by Outside Counsel for purposes of assisting in the representation of the Parties or any Producing Person.

j. "Inside Counsel" shall mean lawyers employed by the Parties as full-time lawyers (even if those individuals may hold other, non-legal titles) and any other individuals employed by the Parties solely to work for such lawyers (e.g., secretaries and paralegals).

k. "Document" shall have the meaning ascribed to it by Local Civil Rule 26.3(c)(2).

l. The term "Party" includes any Party to this Action and, in the case of a Party that is a corporation, includes the corporate entity and any officer, director or employee of such Party, all of whom shall be bound by the provisions of this Order.

m. "Produce" means the transmission of any Document or information during the course of and in connection with this Action, including appeals, by or to any Party or Person, whether voluntary or involuntary, or pursuant to request or legal process.

n. "Person" means any natural person or any corporation, partnership, association, joint venture, firm or other business enterprise or legal entity, and any department agency, office,

bureau or division of the United States, state, local or federal government who is not a Party to this Action.

3.  **DESIGNATION OF CONFIDENTIAL INFORMATION**

   a.  Any Documents, materials, things or other information Produced or testimony provided in connection with this Action that is reasonably believed by a Party or Person to contain Confidential Information may be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," in accordance with this Order. The designation "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be utilized only in cases where it is reasonably believed that the disclosure of the Confidential Information so designated may cause significant harm to the legitimate business interests of the Designating Party.

   b.  The designation of Confidential Information will be made at the following times:

   (i)  For Documents and things, designations shall be made at the time of the production by a Producing Party or Producing Person. In the event a Producing Party or Producing Person elects to Produce Documents and things for inspection pursuant to Fed. R. Civ. P. 34(b), however, no designation need be made prior to the inspection. For purposes of any inspection, all Documents or things to be inspected shall be treated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY." In the event a request for copying of such information subsequently is made, the Producing Party or Producing Person may then designate such Documents or things with the appropriate confidentiality marking in accordance with this Order;

   (ii)  For written responses to interrogatories or requests for admissions, designations shall be made at the time of the written response;

   (iii)  For declarations and pleadings, designations shall be made at the time of the filing of such declaration or pleading or as otherwise required by the Court; and

   (iv)  During any depositions in this case, if any witness, examining attorney or defending attorney believes that the testimony to be given or the questions to be asked will include information previously designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY", or that may constitute, refer or otherwise reflect Confidential Information not previously so designated, then the attorney or witness shall state on the record, upon hearing the question or testimony (where practicable), that the question or testimony will include information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Any Party or Person not authorized to receive information designated as



"CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by the terms of this Order shall promptly be asked to leave the deposition room and may only return when the witness and Outside Counsel have concluded the portion of the testimony involving information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Failure to so designate the material prior to the question or testimony, however, will not result in a waiver of the opportunity to designate the question or testimony "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of this Order. Rather, within ten (10) business days after receipt of any deposition transcript, any Party or Person (including the witness providing the testimony or his or her counsel) may identify, in writing to the Parties, the portion(s) of the deposition transcript(s) containing references to information designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY". The portion(s) so identified and designated shall be maintained by Outside Counsel in such a manner as to prevent unauthorized disclosure, and disclosure shall be limited to the Parties and Persons identified in Paragraphs 5 and 6 of this Order. During the ten (10) business day period in which deposition testimony may be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," Outside Counsel shall not distribute or disclose any deposition transcript or its contents to anyone other than the witness and those qualified Persons who are entitled to receive any such Confidential Information in accordance with Paragraphs 5 and 6 below.

    c.    The designation of Confidential Information must be made in the following manner:

    (i)    For Documents, by placing the appropriate legend on each page of such Document;

    (ii)    For tangible objects, including CD-Rom's or DVD's of electronically Produced Documents (e.g., e-mails), by placing the appropriate label or tag on the object or the container thereof, or if not practicable, as otherwise agreed;

    (iii)    For written responses to interrogatories or requests for admissions, in writing in the relevant responses and by appropriately marking the face of any such responses;

    (iv)    For declarations or pleadings (including motions of any kind), in writing in the declaration or pleading and by appropriately marking the face of any such declaration or pleading; and





(v) For depositions, in writing within ten (10) days after receipt by the Designating Party of the transcript of the deposition; pending designation by counsel, the entire deposition transcript, including exhibits, will be designated "CONFIDENTIAL", unless Outside Counsel during the deposition designates the information "CONFIDENTIAL-ATTORNEYS' EYES ONLY"; if no designation is made in ten (10) business days after receipt of the transcript or during the deposition, the transcript will be considered not to contain any Confidential Information.

d. The Party or Person seeking protection of Confidential Information has a duty to indicate to all other Parties and their respective counsel of record which of the materials, or portion(s) thereof, and testimony, or portion(s) thereof, are considered to contain or reflect Confidential Information.

e. Each Party retains the right to subsequently re-designate Documents and to require such Documents be treated in accord with such designations from that time forward; provided, however, no Party shall be held to be in violation of this Order for the disclosures of such information prior to any designation or re-designation. In addition, each Party retains the right to designate any Documents or materials that were Produced or exchanged prior to the entry of this Order.

f. If a Party or Person Produces any information in this Action that another Party or Person reasonably believes to constitute, refer to or otherwise reflect Confidential Information, the Non-Producing Party or Non-Producing Person, as the case may be, may designate the material according to the categories and procedures set forth in this Paragraph 3, and the Parties agree to treat such materials pursuant to the terms of this Order.

4. **RESOLUTIONS OF DISPUTES REGARDING DESIGNATION OF CONFIDENTIAL INFORMATION**

a. The Parties are not obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and failure to do so does not preclude a subsequent challenge thereto. In the event that any Party or Person takes issue with any other Party's or Person's designation of materials as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY", such Party or Person must so inform all other Parties to this lawsuit by providing proper written notice, and all Parties have a duty to make good faith efforts to resolve the disputes.



b. In the event the Parties are unable to resolve any disputes regarding the designation of Confidential Information, the Party disputing the designation may request appropriate relief from the Court within ten (10) business days after said written notice of its disagreement. The burden of establishing that information has been properly designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" is on the Designating Party or Designating Person. This Order does not alter the burden imposed by law on any Party seeking to uphold any limitation on the production or dissemination of materials.

c. Counsel for a Non-Designating Party or Non-Designating Person has the right to assert that any information designated Confidential Information is, in fact, in the public domain. Any information, which prior to disclosure in this Action, was either in the possession or knowledge of a Non-Designating Party or Non-Designating Person who, absent this Order, is under no restriction with respect to the dissemination of such Confidential Information, or is public knowledge or after disclosure becomes public knowledge through no wrongful act or omission of the Non-Designating Party or Non-Designating Person, as the case may be, receiving the information designated as Confidential Information, will be deemed in the public domain. A Non-Designating Party or Non-Designating Person asserting that designated information is in the public domain must, prior to any disclosure (outside of the parameters of this Order) of such information previously designated as Confidential Information, either obtain the approval, in writing, of the Designating Party or Designating Person of such materials as "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS' EYES ONLY", or the approval of the Court to make such disclosure, and will specifically indicate why it believes that the designated information is in the public domain.

d. If a Non-Designating Party or Non-Designating Person challenges the confidentiality, or categorization, of material designated under this Order, the challenged designation will remain in effect until changed by order of the Court or agreement of the Designating Party or Designating Person.

e. In the event a Producing Party or Producing Person inadvertently fails to stamp or otherwise designate a Document or information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the time of production, the Producing Party or Producing Person, as the case may be, will have ten (10) business days after discovering such inadvertent failure to so stamp or otherwise designate the Document or information. Upon receipt of notice



in writing and replacement copies of Documents or information with corrected confidentiality designations, all Parties who have received Documents or information that the Producing Party or Producing Person inadvertently failed to so stamp or otherwise designate "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall attempt in good faith to retrieve and replace all copies of Documents or information previously disclosed or Produced.

5.  **ACCESS TO INFORMATION DESIGNATED AS "CONFIDENTIAL"**

Access to information marked "CONFIDENTIAL" shall be limited to the following qualified Persons:

   a.  the Parties and, in the case of any corporate Party (i.e., PartMiner Information Systems, Inc. and Avnet, Inc.), such officers, directors or employees of the Parties, or their parents, subsidiaries or affiliates, as Outside Counsel, in good faith, requires to provide assistance in the conduct of the Action, provided that the conditions set forth in Paragraph 7 are satisfied with respect to any such officer, director or employee;

   b.  Outside Counsel of any Party or Person, and any Inside Counsel responsible for monitoring or supervising this Action; provided that before any member, employee or staff of Outside Counsel's firm or Inside Counsel is permitted access to any Confidential Information, such Person(s) shall be informed of the existence and contents of this Order;

   c.  consultants retained by Outside Counsel to provide litigation support services in this Action or any related Action, such as independent trial consultants, provided that before any such consultant(s) is permitted access to any Confidential Information the conditions set forth in Paragraph 7 are satisfied;

   d.  independent experts retained in this Action by Outside Counsel, insofar as Outside Counsel may deem it necessary for the preparation or trial of this case to consult with such experts, provided that such actual or contemplated expert is not an employee of the Parties hereto (or their respective counsel) and the conditions set forth in Paragraph 7 are satisfied;

   e.  the Court, its personnel and any court reporters involved in taking or transcribing testimony in this Action;

   f.  any Person who was involved in the preparation of the Document or information;

   g.  deposition witnesses, trial witnesses, and jurors; and



    h.    such other Persons as hereafter may be designated by written agreement of the Parties or by order of the Court.

## 6. ACCESS TO INFORMATION DESIGNATED AS "CONFIDENTIAL-ATTORNEYS' EYES ONLY"

    a.    Access to information marked "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be limited to the following qualified Persons:

        (i)    Persons identified in Paragraphs 5(b), (e), (f), and (h);

        (ii)    Persons identified in Paragraph 5(g), other than any Parties or any officers, directors or employees of the Parties, unless such Person was involved in the preparation of the Document or information;

        (iii)    Persons identified in Paragraphs 5(c) and (d), with disclosure to such Persons being governed by the procedures set forth below in Paragraph 7.

    b.    Where Documents, materials, testimony or other information is designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and Outside Counsel for a Non-Designating Party reasonably believes that it will be prejudiced in the litigation by its inability to disclose such information (or portions of the information) to any Party or Person, the Designating Party agrees to work with Outside Counsel for the Non-Designating Party in good faith either to redact or otherwise permit the information to be re-designated as "CONFIDENTIAL" or allow limited disclosure to the Parties.

    c.    Where a Designating Party wishes to use documents, materials, testimony or other information which has been designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in a deposition of any officer, director or employee of a Non-Designating Party, the Designating Party shall send copies of all such documents via electronic service to the Non-Designating Party at least three (3) business days in advance of the deposition so as to provide the deponent with ample opportunity to review the documents prior to the deposition.

## 7. DISCLOSURES TO OFFICERS, DIRECTORS, EMPLOYEES, EXPERTS AND CONSULTANTS

    a.    Each expert and consultant referred to in Paragraphs 5(c) and (d), and each officer, director or employee of the Parties, or their parents, subsidiaries or affiliates referred to in Paragraphs 5(a), to whom Confidential Information is to be given, shown, disclosed, made

available or communicated in any way, must first execute a declaration, in substantially the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order.

    b.    At least five (5) business days prior to the Non-Designating Party giving, showing, disclosing, making available or communicating Confidential Information to any Person referenced in Paragraph 7(a) above, the Non-Designating Party shall deliver to all other Parties a copy of the declaration signed by such Person to whom Confidential Information is proposed to be disclosed, and in the case of any expert or consultant referred to in Paragraphs 5(c) or (d), a description setting forth the Person's (i) name, (ii) office address, (iii) present employer, (iv) job title and job description and (v) relationship, if any, to the Parties to this Action.

    c.    Any Designating Party or Designating Person shall be entitled to object to disclosure of Confidential Information to any Person referenced in Paragraph 7(a) above within five (5) business days after service of the declaration by stating specifically in writing the reasons why that Party objects to such disclosure.

    d.    In the event of such an objection, no disclosure of Confidential Information shall be made for a period of five (5) business days following the date of service of the objection, in order to permit the objecting Party or Person to move for an order that disclosure not be made to such Person or be made only under certain circumstances. The objecting Party or Person shall seek to have any such motion set for the earliest possible date on the Court's motion calendar, and such motion shall not be continued without the consent of all Parties and/or Persons. If no such motion is made in such time and manner, Confidential Information may be disclosed to any such individuals for the purposes and upon the conditions herein stated. If such a motion is made, there shall be no disclosure until the Court has ruled upon the motion, and then only in accordance with the ruling so made. The filing and pendency of such motion shall not limit, delay or defer any disclosures of the Confidential Information to the Party(ies) or Persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting Party's ability to conduct such discovery.

**8.**    **INADVERTENT DISCLOSURE**

Should a Party determine that a Document or testimony subject to privilege or immunity from discovery has been Produced or provided inadvertently, the Party must bring it to the attention of all other Parties within five (5) business days of such determination. After notice, all



other Parties shall be duty bound to prevent disclosure of the Documents and must return to the Producing Party the inadvertently disclosed Documents and all copies of the inadvertently disclosed Documents within five (5) business days. Such disclosure will not result in the waiver of any associated privilege, however, the return of inadvertently disclosed Documents will not prejudice the Party's right to challenge the assertion of privilege for reasons other than waiver by virtue of such inadvertent disclosure, but the Documents or testimony shall be returned or stricken from the record, as the case may be, before the challenge may be made.

9. **USE OF CONFIDENTIAL INFORMATION GENERALLY**

    a. Confidential Information Produced in this Action shall not be disclosed or used by the Parties for any business, commercial, competitive or personal purpose, subject to Paragraph 11 below.

    b. All materials marked "CONFIDENTIAL" or "CONFIDENTIAL- ATTORNEYS' EYES ONLY" shall be maintained in a manner and under circumstances to ensure that access is limited only to those individuals entitled to have access under this Order.

    c. The recipient of any Confidential Information hereby agrees to subject himself/herself to the jurisdiction of this Court for the purposes of any proceedings related to the performance under, compliance with or violation of this Order.

    d. The recipient of any Confidential Information that is Produced in accordance with this Order has a duty to exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information, but in no event less than reasonable care.

    e. At any deposition session, upon any inquiry with regard to the content of a Document marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or when counsel for a Party or Person deems that the answer to a question may result in the disclosure of Confidential Information of his or her client within the meaning of this Order, counsel for the Party or Person whose information is involved, at his or her option, in lieu of taking other steps available in such situation, may direct that the question and answer be transcribed separately from the remainder of the deposition and be filed in a sealed envelope marked in the manner specified in Paragraph 9(g) hereof. When such a direction has been given, the disclosure of the testimony shall be limited in the manner specified in Paragraphs 5-7 hereof, and the information contained therein shall not be used for any purpose other than as provided in



this Order. Counsel for the Party or Person whose Confidential Information is involved may also request that all Parties and Persons, other than qualified Persons, leave the deposition room during the confidential portion of the deposition. The failure of such other Parties or Persons to comply with a request to leave the deposition will constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

  f. The Parties shall retain the right to make a proper application to the Court, in advance of any hearing that may involve the disclosure of Confidential Information, that such hearing be conducted *in camera*, out of the presence of all non-qualified Persons, and any transcript relating thereto be, subject to the Court's approval, designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY".

  g. If materials marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" are to be submitted to the Court in connection with any motion, trial, appeal or other proceeding, the Documents and information so designated shall be served on all Parties and filed under seal in conformance with the Local Civil Rules unless otherwise ordered by the Court. The sealed envelope shall bear the following legend:

### CONFIDENTIAL-FILED UNDER SEAL

> This envelope/container contains documents that are subject to a Stipulation of Confidentiality & Protective Order entered by the Court in *PartMiner Information Services, Inc. v. Avnet Inc., Thomas Casey Reed, John Kenneth Sharpe, and Neil R. Vanek*, No. 07 Civ. 11482 (LMM) (DCF) (S.D.N.Y.) governing the use of Confidential Information.

For any filings made under seal, a version with all Confidential Information redacted shall be filed with the Clerk of the Court and also served on all Parties. Upon default of the filing or lodging Party to properly designate Confidential Information and file or lodge such information in accordance with this Order or the Court's Local Rules, any Party who in good faith believes that designation and filing under seal is required may seek leave by motion to do so within ten (10) business days of learning of the defective filing or lodging.

  h. In the event that any Confidential Information is used in any Court proceeding in connection with this litigation, it will not lose its Confidential Information status through such use.



10. **SUBPOENAS OR REQUESTS SEEKING TO COMPEL DISCLOSURE OF CONFIDENTIAL INFORMATION**

a.  If a Party or Person who received Documents or information designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" (i) is subpoenaed in another Action or proceeding, served with a demand in another Action or proceeding in which it is a party, or is served with any other legal process (or other request for production with which it intends to comply) by one not a Party to this Action seeking designated Confidential Information; or (ii) is subject to a court order, administrative ruling, or statutory or regulatory obligation seeking to compel the disclosure of any Confidential Information (collectively, a "compelled disclosure"), the compelled Party or Person shall give actual written notice, by hand, e-mail or facsimile transmission, promptly, but in no event later than seven (7) days of receipt of such compelled disclosure to the Party or Person who designated the Document or information at issue "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY".

b.  Unless otherwise ordered by a court or appropriate tribunal, the compelled Party or Person shall not Produce any of the designated Documents or information for a period of at least ten (10) business days after providing the required notice. During that ten (10) day period, the Party who designated the Documents or information at issue "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may seek protection from, or file objections to, the production of the designated materials with this Court or other appropriate forum. Only the Party or Person who designated the Documents or information "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the compelled Party or Person covered by this Order to (a) challenge or appeal any order issued in another proceeding that requires production or disclosure of Documents or information protected by this Order, (b) subject himself, herself or itself to any penalties for non-compliance with any legal process, order, or statutory or regulatory obligation or (c) seek any relief from this Court.

11. **PERMISSIBLE DISCLOSURES**

a.  Nothing in this Order precludes any Party, their Outside Counsel or any other Person from disclosing or using, in any manner or for any purpose, any information or Documents not obtained in the course of this Action, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same



information or copies of the same Documents may have been Produced in discovery in this Action and designated as Confidential Information.

b. Nothing in this Order precludes any Party to the lawsuit or its attorneys from disclosing or using, in any manner or for any purpose, the Party's own information or Documents, regardless of whether the Party itself has designated such information as Confidential Information.

## 12. RENDERING ADVICE TO CLIENTS

Nothing in this Order shall be interpreted to restrict Outside Counsel's ethical obligation to advise fully his or her client(s) concerning his and/or its legal rights or preclude Outside Counsel from relying upon or using any materials Produced in this Action for purposes of rendering advice to a Party necessary to protect his or its rights.

## 13. NO WAIVER

Other than as specified in this Order, the taking of or failure to take any action to enforce the provisions of this Order, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief in this Action or any other Action, such right including, but not limited to, the right to claim that any information is or is not confidential or proprietary to any Party or Person, is or is not entitled to particular protection or that such information does or does not embody trade secrets of any Party or Person. The procedure set forth herein does not affect the rights of the Parties or Person to object to discovery on proper grounds, nor does it relieve a Party or Person of the necessity to provide proper responses to discovery devices. Moreover, the Parties reserve any and all rights and defenses to the underlying claims in the Action.

## 14. TERMINATION OF LITIGATION

a. Within sixty (60) days (or longer by written agreement of the Parties) of the final disposition of this Action, whether by judgment and exhaustion of all appeals, or by settlement, the attorneys of record must:

(i) destroy or return to the Producing Party, or its attorney of record, any and all Confidential Information in their possession, custody or control or in the possession, custody or control of their staff;



        (ii)    ensure that all the Confidential Information in the possession, custody or control of their experts and consultants is destroyed or returned to the Producing Party or its attorney of record;

        (iii)    destroy all notes, memoranda or other documents which contain excerpts from any of the Confidential Information; and

        (iv)    deliver to the Producing Party, or its attorney of record, written confirmation that there has been compliance with the terms of this Paragraph 14(a) or that there has not been compliance and the reason for such non-compliance, upon receipt of which the Producing Party may make application to the Court for such further order as may be appropriate.

    b.    Notwithstanding the foregoing, Outside Counsel for each Party may maintain copies in its files of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the Parties to this Action, written response to a discovery request, document filed with the Court, and court transcript in this Action, consisting of or containing Confidential Information.

## 15. ENFORCEMENT OF THIS ORDER

This Order will survive the final conclusion of the Action and the Court shall have jurisdiction to enforce this Order beyond the conclusion of this Action.

## 16. MODIFICATION OF THIS ORDER

    a.    This Order is without prejudice to the right of any Party or Person to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

    b.    The procedures governing the designation of Confidential Information set forth in this Order may be reasonably modified by the Parties upon written agreement as necessary to facilitate the orderly and timely compliance with the Parties' respective discovery obligations and any discovery orders by the Court without the prior approval of the Court.

    c.    In the event any Party hereto or Person seeks a court order that in any way seeks to vary the terms of this Order, said Party or Person must make such request in the form of a written stipulation, or noticed motion to all Parties or affected Persons that must be served and filed in accordance with local court rules.

    d.    This Order may be amended by way of a proposed Consent Order agreed to and signed by the Parties and subject to the Court's approval and entry, or, if the Parties do not



consent, by way of motion filed and served in accordance with Honorable Lawrence M. McKenna's, U.S.D.J., individual practice rules, the Local Civil Rules or as otherwise directed by the Court.

**STIPULATED AND AGREED TO:**
Dated: ~~March~~ __, 2008
       April 7

DLA PIPER US LLP

_____
Eric M. Falkenberry
1251 Avenue of the Americas
New York, New York 10020
(212) 355-4500
*Attorneys for Plaintiff*

KASOWITZ, BENSON, TORRES, & FRIEDMAN, LLP

_____
Eric J. Wallach
Brian S. Kaplan
Joseph A. Piesco, Jr.
1633 Broadway
New York, New York 10019
(212) 506-1700
*Attorneys for Defendants*

**SO ORDERED:**

_____
Lawrence M. McKenna, U.S.D.J.


Dated: __4/3__, 2008